IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| **LEOPOLD S. GOSS** | * |
|     Plaintiff, | * |
| | * |
| v. | *   Civil No.: 8:23-cv-02257-GLS |
| | * |
| **GOODE COMPANIES, INC.** | * |
|     Defendant. | * |

**MOTION TO VACATE ORDER OF DEFAULT AND
TO QUASH SERVICE OF PROCESS**

Goode Companies, Inc. (hereinafter "GCI"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 55(c), respectfully files this Motion to Vacate the Order of Default (ECF 27) entered against it with regard to the Complaint filed by Plaintiff Leopold S. Goss ("Goss"), and in support thereof state as follows:

**SUMMARY**

The Complaint and Summons was not properly served upon GCI pursuant to either Fed. R. Civ. P. 4(h) or Maryland Rule 2-124(d). Absent proper service of process, the Court lacks personal jurisdiction over GCI.

Moreover, GCI maintains a meritorious defense to the allegations of the Complaint, which do not sufficiently allege a cause of action upon which relief may be granted. Specifically, the Complaint fails to allege any facts to support Plaintiff's perceived disability under the American with Disabilities Act, or that GCI had any notice of any such perceived disability. Moreover, the Complaint fails to allege any facts to support either a failure to accommodate, or a 'but-for' causal link for wrongful discharge.

Accordingly, the Order of Default should be vacated, as there is no prejudice to Plaintiff and Defendant acted with reasonable promptness in filing the instant motion to vacate, being

1

within the thirty day timeframe prescribed by the Clerk's February 21, 2025 Notice of Default (ECF 28).[1]

## STANDARD OF REVIEW

*i.     Vacating an Order of Default*

A court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c).

Moreover, the Fourth Circuit has long maintained a "strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *also see Consolidated Masonry & Fireproofing Inc. v. Wagman Constr. Corp.,* 383 F.2d 249, 251 (4th Cir. 1967) ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense."); *Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor,* 895 F.2d 949, 950 (4th Cir. 1990) ("The law disfavors default judgments as a general matter."); *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.,* 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.").

Indeed, a motion to vacate default must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.*

---

[1] The Motion for Entry of Default, and the Order granting the same, appears to be in violation of the September 12, 2023 Case Management Order (ECF 8) which precludes the parties from filing any motion without permission of the assigned judge until consent is obtained from all parties to proceed before a United States Magistrate Judge for all purposes, or the case is reassigned to a District Judge.  To the extent an Order for Default cannot be entered by a Magistrate Judge without consent of all parties, GCI objects to the same.

2

In determining whether to set aside an entry of default, a court is to consider, *inter alia*, if the movant has a meritorious defense, acted with reasonable promptness, and bears personal responsibility for the entry of default. *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006).

Importantly, "in the context of a motion to set aside an entry of default, as in other contexts, delay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d at 418 (4th Cir 2010).

    ii.    *Insufficiency of Service of Process*

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484* U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) (citation omitted). Service of process is "fundamental to any procedural imposition on a named defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). Failure to effect proper service of process deprives the court of personal jurisdiction over a defendant. *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *FDIC v. Schaffer*, 731 F.2d 1134, 1135-36 (4th Cir. 1984)).

Pro se litigants must adhere to the Federal Rules of Civil Procedure. *See id.* (collecting cases). "Once service has been contested," as here, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Id.*

Indeed, unless waived, proper service is required for the Court to obtain personal jurisdiction over a defendant. *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir. 1984)

3

## BACKGROUND FACTS

1. Plaintiff filed this employment discrimination action based upon the Americans with Disabilities Act of 1990, 29 U.S.C. §§ 621-634 (hereinafter the "ADA") against GCI on August 18, 2023. Complaint at 4.

2. The discriminatory conduct alleged is "termination of employment, failure to accommodate disability, and retaliation." Complaint at 5.

3. The alleged discriminatory act(s) occurred "on or about December 1, 2021" based upon an "emotional disability/disturbance." Complaint at 5.

4. Specifically, the factual allegations are as follows:

> I was employed with Goode Companies as a front end driver. On or about November 26, 2021 while driving, my company truck caught on fire. When I informed Goode of the incident and the hazard of poorly and/or non maintained vehicles, I was retaliated against and demoted to a rear end driver and ultimately fired days later. In the interim, I was harassed, bullied and discriminated against. Goode refused to provide reasonable alternative work accommodations which were provided to other employees.

Complaint at 6.

5. Plaintiff "seeks monetary damages in the amount of $750,000 for the acts outlined above … which lead to a loss of employment and economic resources and further emotional distress, mental anguish and depression." Complaint at 7.

6. On August 29, 2023, the Court issued a 3 page Order, indicating that the summons submitted wit the Complaint was deficient "because the address for the corporate Defendant is not the registered agent or other party designated for service." ECF 5 at 1.

7. The August 29, 2023 Order further indicated that Plaintiff would be granted 21 days to correct the deficiency, and was forewarned that failure to provide properly submitted

summons to the Clerk will result in dismissal of the Complaint without further notice and without prejudice.  ECF 5 at 1.

8. The Order further provided that pursuant to Fed. R.Civ.P. 4(h), a summons and complaint are generally served on the resident agent, president, secretary or treasure, citing Maryland Rule 2-124(d).  ECF 5 at 1.

9. Thereafter, on September 12, 2023, Plaintiff submitted a filled out summons that indicated service was to be made upon Jerry D. Miller as Resident Agent, at 6404 Ivy Lane, Suite 400, Greenbelt, MD 20770, which was stamped and issued by the Clerk of Court on the same day.  ECF 6.

10. Also on September 12, 2023, Magistrate Judge Gina L. Simms entered a Case Management Order precluding the parties from filing any motions without permission of court until consent is obtained from all parties to proceed before a magistrate Judge, or the case is reassigned to a District Judge, if consent from all parties is not obtained.  ECF 8.

11. The Case Management Order further provided that the time to file any preliminary motion is tolled until such time that such consent is obtained from all parties, or the case is reassigned to a District Judge.  ECF 8.

12. Thereafter, on December 27, 2023, Plaintiff filed a 'Proof of Service" document indicating that he served, via certified mail, a copy of the summons to Jerry D. Miller via certified mail on December 27, 2023.  ECF 14.

12. Thereafter, on February 8, 2024, Magistrate Judge Simms issued an Order finding, inter alia, that service was not properly made upon Defendant for various reasons, including that the "proof of Summons" (ECF 14) did not indicate the material was served via restricted delivery, and did not include a signed green return card.  See, ECF 15.  The Order

noted that the summons was not served within 90 days of filing of the Complaint, but that Plaintiff attached a letter explaining that unforeseen health issues caused the delay in service. ECF 15 at 1.

13. The February 8, 2024 Order reminded Plaintiff that "service of process on corporations and associations may be made pursuant to Fed. R. Civ. P. 4(h). The Summons and Complaint are generally served on the resident agent, president, secretary or treasurer." See, Maryland Rule 2-124(d)." ECF 15 at 2-3. The Order required Plaintiff to demonstrate proper service by March 11, 2024, and again, forewarned that failure to comply with the Order in the time specified will result in dismissal of the Complaint without further notice. ECF 15 at 3.

14. Also on February 8, 2024, the Clerk reissued the summons, which again indicated service was to be made upon Jerry D. Miller as Resident Agent, at 6404 Ivy Lane, Suite 400, Greenbelt, MD 20770. ECF 16.

15. On March 8, 2024, Plaintiff filed an Affidavit of Service indicating that on March 7, 2024 a process server named LeVor Turner effected "substituted service" on 'Lashaine Welborne' (*sic*) at 1701 Olive Street, Capitol Heights, MD 20743, being aged 45, African American female weighing 220 pound, height of 5'6" with black hair and brown eyes, and being an "Authorized Admin." ECF 17.

16. Lashene Wilburn is an employee of Wilburn Hauling, Inc. ("WHI"), a subcontractor to GCI Residential, Inc. See, Affidavit of Lashene Wilburn, attached hereto as **EXHIBIT A** (hereinafter the "Wilburn Affidavit"). Ms. Wilburn is a 51 year old African American female weighing 200 pounds with a height of 5' 4." Wilburn Affidavit at ¶ 5.

17. Ms. Wilburn is not authorized to accept service of process by, for, or an behalf of GCI, did not indicate at any time to Mr. LeVor Turner that she was authorized to accept service

of process, and in fact did not receive anything from Mr. LeVor Turner or any other person constituting the summons and complaint in this matter. Wilburn Affidavit at ¶ 6-8.

18. On February 21, 2025, in response to Plaintiff's motion for entry of default, United States Magistrate Judge Gina L. Simms entered an Order of Default against GCI for want of an answer.

19. The instant Motion to Vacate Order of Default and to Quash Service of Process ensues.

## ARGUMENT

Proper service of process is a prerequisite for entry of default judgment. *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) (vacating a default judgment where service of process was insufficient); *Central Operating Co. v. Util. Workers of America, AFL-CIO*, 491 F.2d 245, 249 (4th Cir. 1974) ("It is axiomatic that a federal court cannot acquire in personam jurisdiction over a defendant who does not voluntarily appear unless he is served with process in a manner authorized by federal statute or rule.")[2]; *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) (holding that a default requires that proper service of process be effected on each defendant.)

The same is true for the entry of an order of default. *See Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) (J. Messite) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before

---

[2] When actual notice is provided, 'failure to strictly comply with Rule 4 may not invalidate the service of process; however, plain requirements for the means of effecting service of process may not be ignored.'" *See, e.g., Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

7

a default or default judgment may be entered against a defendant.").[3] Indeed, "even if a defendant has actual notice of the action, the rules of service "are there to be followed, and plain requirements for the means of effective service of process may not be ignored." *Kamara v. Univ. of Md.*, 2022 U.S. Dist. LEXIS 83355 (May 9, 2022) ( Magistrate J. Simms) (granting motion to dismiss for failure to timely effect service of process).

Under Rule 4 of the Federal Rules of Civil Procedure, a corporation, partnership, or other incorporated association in a judicial district of the United States must be served either: (A) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or (B) "by delivering a

---

[3] Because the entry of an order of default is not a final judgment subject to appeal, there is a dearth of Fourth Circuit cases discussing only the entry of an order of default. There is a litany of district court cases, however, that vacate orders of default for insufficiency of service. *See, e.g., Thompson v. Baltimore City Bd. of Educ.*, 2024 U.S. Dist. LEXIS 197790 (October 30, 2024) (J. Gallagher) (denying motion for entry of default judgment and dismissing case on the basis of insufficiency of service of process and state immunity to suit in federal court, citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) for the proposition that proper service of process is a prerequisite for entry of default judgment); *Walton v. Washington*, 2025 U.S. Dist. LEXIS 22966 (February 10, 2025) (J. Gallagher) (same); *Trs. of the Nat'l Elec. Ben. Fund v. JCA Elec., LLC*, 2024 U.S. Dist. LEXIS 173119 (September 25, 2024) (J. Chasanow) (stating that proper service of process is a prerequisite to the entry of default); *Moore v. Subba Reddy*, 2024 U.S. Dist. LEXIS 137006 (August 2, 2024) (J. Gallagher) (denying motion for default and dismissing case without prejudice for improper service, citing *Koehler v. Dodwell*, 152 F.3d 304, 306-07 (4th Cir. 1998) for the proposition that improper service of process deprives the Court of personal jurisdiction over the defendant.); *Marsh v. Bottoms Up Gentlemen's Club, LLC*, 2024 U.S. Dist. LEXIS 88117 (May 15, 2024) (J. Aslan) (setting aside an entry of default for good cause shown, and noting that moving to set aside the default on the day the motion was due is deemed reasonable promptness); *Pa. Nat'l Mut. Cas. Ins. Co. v. Generali*, 345 F.R.D. 592, 596 (March 19, 2024) (Chief J. Bredar) (same, and finding that "filings are presumptively timely if made within the deadline set by the Court."); *Quarles v. Wells Fargo Bank, N.A.*, 2022 U.S. Dist. LEXIS 58399 (March 30, 2022) (J. Hazel) (setting aside an entry of default for insufficiency of service); *Talcott Resolution Life Ins. Co. v. Carlyle*, 2020 U.S. Dist. LEXIS 214215 (November 16, 2020) (J. Chasanow) (denying motion for entry of default for insufficiency of service); *Turner v. Lowden*, 2013 U.S. Dist. LEXIS 147982, (October 15, 2013) (J. Bennett), citing *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996).

copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(h)(1).

Maryland Rule 2-124(d) provides as follows for the service of process upon a corporation:

> **Corporation.** — Service is made upon a corporation, incorporated association, or joint stock company by serving its resident agent, president, secretary, or treasurer. If the corporation, incorporated association, or joint stock company has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process.

Md. Rule 2-124.

### A. Service of Process was not properly effected upon GCI and as such the Order of Default should be set aside.

Ms. Lashaine Wilburn is an employee of Wilburn Hauling, Inc., a subcontractor to GCI Residential, Inc. Wilburn Affidavit at ¶ 1.2. She is a 51 year old African American female weighing 200 pounds with a height of 5' 4." Wilburn Affidavit at ¶ 4-5. She is not authorized to accept service of process by either GCI Residential, Inc. or GCI, did not indicate at any time to Mr. LeVor Turner that she was authorized to accept service of process, and in fact did not receive anything from Mr. LeVor Turner or any other person constituting the summons and complaint in this matter. Wilburn Affidavit at ¶ 2, 6-8.

As such, service of process was not affected under either Fed. R. Civ. P. 4 or Maryland Rule 2-124. Accordingly, the Order of Default is a nullity, and should be vacated forthwith.

Indeed, on its face, the affidavit of purported service is insufficient. First, it was not served on the resident agent indicated on the face of the summons, Jerry D. Miller. Second, it does not indicate that Ms. Wilburn is the president, resident agent, secretary or treasurer of GCI – which

9

she is not. Third, it does not even indicate that Ms. Wilburn represented that she was authorized to accept service of process on behalf of GCI - which, in fact, she is not.

As such, in the absence of proper service of process, the Court does not maintain personal jurisdiction over GCI and cannot enter an order adverse to it, including an order of default.

**B. GCI Maintains a meritorious defense to the Complaint.**

Once insufficiency of service of process has been shown, any entry of default is a nullity and should be set aside. *See, supra*. Here, especially, because GCI maintains a meritorious defense to the Complaint vacatur of the default is especially appropriate.

The Complaint appears to allege one count of discrimination under the ADA for emotional disability/disturbance. However, the Complaint fails to plead any of the four (4) necessary elements of an ADA failure to accommodate claim.

The Fourth Circuit has clearly set out the elements of an ADA failure to accommodate claim to include: (1) that the employee was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position, and (4) that the employer refused to make such accommodations. *Rhoads v. FDIC*, 257 F.3d 373, 378 n.11 (4th Cir. 2001).

The Complaint does not allege any facts to show Plaintiff is disabled. Moreover, there are no allegations that Defendant GCI knew of any purported disability. Similarly, there are no facts alleging that with reasonable accommodation, Goss could perform the essential functions of his position, and finally, other than the fact he was terminated, there are no facts alleged that GCI refused to make any requested accommodation.

> i. *<u>Goss has not raised a plausible inference that he is disabled.</u>*

The ADA defines "disability" to include: (1) "a physical or mental impairment that substantially limits one or more major life activities;" (2) "a record of such an impairment;" or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1).

Under the 2008 amendments to the ADA, an individual is "regarded as" disabled when he or she is perceived as having a physical or mental impairment, regardless of whether the impairment actually exists or is perceived to limit a major life activity. § 12102(3). The Code of Federal Regulations defines "physical or mental impairment" to mean:

> (1) Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine; or
> (2) Any mental or psychological disorder, such as an intellectual disability (formerly termed "mental retardation"), organic brain syndrome, emotional or mental illness, and specific learning disabilities.

29 C.F.R. § 1630.2(h).

The Complaint is devoid of any factual allegation to support Goss' conclusory assertion that he is disabled under the ADA. Moreover, the Complaint does not even attempt to assert that Goss was perceived by anyone at GCI to have a physical or mental impairment. Finally, the Complaint fails to raise any plausible inference that Goss was terminated on account of any perceived disability.

> ii. *Goss has not alleged GCI had notice of any perceived disability, that with reasonable accommodation(s) he could perform the essential functions of his position, or that GCI refused to make such accommodation(s).*

"Employers need only accommodate the known physical or mental limitations of an otherwise qualified employee with a disability." *Kelly v. Town of Abingdon*, 90 F.4th 158, 166 (4th Cir. 2024). Specifically, "the employee must make an adequate request, thereby putting the employer on notice." *Id*. at 167, *citing case*.

Importantly, "merely labelling a list of suggestions an 'accommodation request' is not enough to inform the employer that the employee is requesting workplace changes to address his disabilities, rather than other, unrelated issues." *Id*. at 167-68 (finding the 'logical bridge' connecting a request for accommodation to a disability was absent).

The Complaint does not aver that GCI had any notice of Goss' perceived disability. The Complaint does not allege that with reasonable accommodation(s), Goss could perform the function(s) of his position. The Complaint does not allege that GCI refused to make any such accommodation. As such, the Complaint avers none of the required elements of a failure to make reasonable accommodation claim under the ADA.

> iii. *Goss does not allege a disability was the but-for cause of his purported termination.*

Similarly, to raise a reasonable inference of disability discrimination in a wrongful discharge case, an employee must allege that his disability was a "but-for" cause of his termination. *Id., citing Gentry v. E.W. Partners Club Mgmt. Co.*, 816 F.3d 228, 235-36 (4th Cir. 2016). "The mere fact that a certain action is potentially consistent with discrimination does not alone support a reasonable inference that the action was motivated by bias." *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). If "we would have to 'speculate' to 'fill in the gaps'" regarding the defendant's motive, the circumstances do not warrant a reasonable inference of

12

discrimination. *See id.* (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 586 (4th Cir. 2015)).

Here, again, Goss makes no link, let alone a 'but-for' causal link, between any perceived disability and his purported termination.

For all of the foregoing reasons, the Order of Default should be set aside. First, service of process was not effected, depriving the Court of jurisdiction to enter an order adverse to GCI. Second, GCI maintains a meritorious defense to the Complaint. Third, GCI has acted with reasonable promptness, filing this Motion to Vacate Order of Default on the day it is due. Fourth, GCI bears no personal responsibility for the entry of default, as, *inter alia*, it was not served with process. Fifth, there is no prejudice to Plaintiff as delay, in and of itself, does not constitute prejudice.

## CONCLUSION

Wherefore, Plaintiff Good Companies, Inc. respectfully requests that the entry of the order of default be set aside, that the finding of service be quashed, and for such other and further relief as the Court deem just.

Respectfully submitted,

*/s/ Joseph L. Katz, Esq.*
Joseph L. Katz, Esq.
MD Bar #28029
KATZ LAW
1370 Lamberton Drive, Suite 16
Silver Spring, Maryland 20902
(410) 499-2615
joe@joekatzlaw.com

**Attorney for
Goode Companies, Inc.**

13

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, a copy of the foregoing was served via first class US mail, postage prepaid upon Plaintiff as follows:

Leopold S. Goss, 3800 Meadow Hill Road, Springdale, Maryland  20774.

                                              Respectfully submitted,

                                              */s/  Joseph L. Katz, Esq.*
                                              Joseph L. Katz, Esq.
                                              MD Bar #28029
                                              KATZ LAW