IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| LEOPOLD S. GOSS | : | |
| | : | |
| v. | : | Civil Action No. DKC 23-2257 |
| | : | |
| GOODE COMPANIES, INC. | : | |
| | : | |

**MEMORANDUM OPINION AND ORDER**

The Clerk entered default against Defendant Goode Companies, Inc. ("GCI") on February 21, 2025, for its failure to plead or defend after purported service of the Complaint and Summons. (ECF No. 27). GCI filed a motion to vacate the entry of default and to quash service on March 24, 2025. (ECF No. 30). Plaintiff Leopold S. Goss ("Mr. Goss") filed an opposition to the motion on April 7 (ECF No. 32) and GCI filed a reply on April 21, 2025. (ECF No. 34). The relevant issues have been briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, GCI's motion will be granted.

**I.  Background**

Upon receipt of Mr. Goss' Complaint on August 18, 2023, the Clerk opened this civil action. (ECF No. 1). The court issued an Order on August 29, 2023, directing Mr. Goss to submit a completed proposed summons form and advising him that "service of process on corporations and associations may be made pursuant to Fed. R. Civ.

P. 4(h). The summons and complaint are generally served on the resident agent, president, secretary, or treasurer. *See* Maryland Rule 2-124(d)." (ECF No. 5). Mr. Goss submitted a proposed summons form and the Clerk issued the Summons on September 12, 2023. (ECF No. 6).

When, by December 15, 2023, Mr. Goss had not filed notice that service was effected, the court issued an order directing him to show cause. (ECF No. 13). In response, Mr. Goss filed a proof of service on December 27, 2023, indicating that Jerry D. Miller[1] was served on December 27, 2023. (ECF No. 14). After review of the proof of service, the court issued an Order finding service to be deficient because the certified mail receipt failed to indicate that the Summons and Complaint were mailed restricted delivery with a return receipt requested and the acknowledgement or return "green card" was not provided. (ECF No. 15). The court granted Mr. Goss additional time to effectuate service, reminded him of the service rules in Fed.R.Civ.P. 4(h) and Md. Rule 2-124(d), and directed him to provide proper proof of service by March 11, 2024. The Clerk re-issued the Summons to Mr. Goss and, on March 8, 2024,

---

[1] The proof of service does not indicate whether Mr. Miller is GCI's resident agent, an officer, or what capacity he has to accept service.

he reported that service was effected on March 7, 2024. (ECF No. 17).

Mr. Goss filed correspondence on August 23, 2024, requesting the status of his case. (ECF No. 18). In response, the court held a telephonic status conference on September 27, 2024.

Mr. Goss filed a motion seeking the entry of default against GCI for its failure to plead after service on October 15, 2024. (ECF No. 21). The court issued an Order on December 13, 2024, directing Mr. Goss to serve a copy of his motion on GCI and to file proof of service. (ECF No. 22). Mr. Goss complied and, on January 22, 2025, filed a letter with an attached Affidavit of Service indicating that GCI was served with Mr. Goss' motion seeking the entry of default on January 13, 2025. (ECF No. 25). GCI failed to respond timely either to Mr. Goss' Complaint or motion for default. Thus, on February 21, 2025, the court issued an Order granting Mr. Goss' motion and directing the Clerk to enter default against GCI. (ECF No. 26).

The case was reassigned to the undersigned on March 24, 2025, and, the same date, GCI filed the instant motion to vacate the entry of default and to quash service. (ECF No. 30). GCI asserts that service was improper in that Mr. Goss failed to serve either its resident agent or any other agent authorized to receive service of process pursuant to Fed. R. Civ. P. 4(h)(1) or Md. Rule 2-124.

Specifically, service upon Ms. Lashaine Wilburn is improper because she is not employed by GCI, is not the resident agent or an officer of GCI, nor is she authorized to accept service. In an Affidavit attached to GCI's motion, Ms. Wilburn states that she is an employee of Wilburn Hauling, Inc., a subcontractor to GCI who is permitted to utilize their office at 1701 Olive Street, Capitol Heights, MD. She also states that she never represented to anyone that she was authorized to accept papers for GCI and was never served any papers in this matter. Moreover, GCI contends that Mr. Goss has not alleged a disability in the Complaint or that he requested accommodation and GCI failed to provide the requested accommodation. (ECF No. 30-1).

Mr. Goss filed a response opposing the motion on April 7, 2025, and contending that his termination letter failed to include a "for-cause" reason. (ECF No. 32). He states that he was injured after his truck caught fire and GCI offered him no Workmen's Compensation, failed to inform him that he was "eligible for medical leave and job protection under FMLA," and asserted that his "medical assessment clearly indicated that I do not operate a commercial vehicle for two weeks while under psychological treatment due to the trauma of the truck fire." Moreover, he responded to all court orders and "rectified concerns."

GCI filed a reply on April 21, 2025, reiterating that service was not proper. (ECF No. 34). Service was not effected upon Ms. Wilburn and, in any event, she is not authorized to accept service.

**II. Analysis**

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a court may "set aside an entry of default for good cause." In deciding a motion to set aside entry of default judgment, a district court "should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006) (citations omitted). The United States Court of Appeals for the Fourth Circuit has:

> repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits. *E.g., Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990) ("The law disfavors default judgments as a general matter."); *Consolidated Masonry & Fireproofing*[, *Inc. v. Wagman Constr. Corp*.], 383 F.2d [249, 251 (4th Cir. 1967)] ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense."). This imperative arises in myriad procedural contexts, but its primacy is never doubted.

*Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (footnote omitted). GCI's motion must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Id.* at 421 (citing *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).

### III. Conclusion

Here, all factors militate in favor of vacating the entry of default. In light of the liberal construction that is to be afforded the defaulting party in these circumstances, GCI has made a sufficient showing of a meritorious defense. In addition, GCI's delay has been minimal, and "delay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory*, 616 F.3d at 418 (citation omitted). GCI acted with reasonable promptness once it received actual notice of the pendency of this action after entry of default. *See Wainwright's Vacations, LLC v. Pan Am.*, 130 F.Supp.2d 712, 718 (D.Md. 2001) (finding reasonably prompt a delay of just over one month between entry of default and the defendant's motion). Accordingly, at this early stage of the litigation, there would be no significant prejudice to Mr. Goss if the motion were granted.

Accordingly, it is this 24th day of April, 2025, by the United States District Court for the District of Maryland, ORDERED that:

1.  The motion to vacate the order of default and quash service of process filed by Defendant Goode Companies, Inc. (ECF No. 30), BE, and the same hereby IS, GRANTED;

2.  The Clerk's entry of default (ECF No. 27) BE, and the same hereby IS, VACATED;

3.  Service BE, and the same hereby IS, QUASHED as to Defendant Goode Companies, Inc.;

4.  Plaintiff Leopold S. Goss IS GRANTED twenty-eight (28) days from the date of this Order to:

    a.  submit a proposed summons to the Clerk. Upon receipt of the proposed summons, the Clerk will issue the Summons and return it to Mr. Goss for service;

    b.  effect service upon Defendant Goode Companies, Inc.; and

    c.  provide proof that service has been effected; and

5.  The Clerk will transmit a copy of this Order to Plaintiff and to counsel for GCI.

                                        /s/
                              _____
                              DEBORAH K. CHASANOW
                              United States District Judge