IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEOPOLD S. GOSS

v. : Civil Action No. DKC 23-2257

GOODE COMPANIES, INC.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is the motion for leave to file a third amended complaint filed by Plaintiff Leopold S. Goss. (ECF No. 98). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

## I. Background[1]

Mr. Goss worked as a driver for Defendant Goode Companies, Incorporated ("Goode"), from 2013 to 2021. On November 26, 2021, the commercial truck that Mr. Goss was driving caught fire and exploded. As a result of the accident, Mr. Goss suffered post-traumatic stress disorder and anxiety.

On or around December 1, 2021, Mr. Goss "notified Goode's HR department of his medical condition and his need for accommodation

[1] Unless specified otherwise, the following facts are set forth in the third amended complaint and construed in the light most favorable to Plaintiff.

and/or medical leave pursuant to the [Family and Medical Leave Act ("FMLA")]." (ECF No. 98-1 ¶ 26). Goode gave Mr. Goss a deadline of December 16 to provide medical certification paperwork supporting his FMLA request. In the meantime, he appears to have been suspended from work.

On December 9, 2021, Goode instructed Mr. Goss to return to work. Mr. Goss did so, but informed Goode that he was "temporarily medically unable to operate a commercial vehicle." (*Id.* ¶ 32). The next day, December 10, Goode terminated Mr. Goss's employment. Goode did not provide an explanation for the termination.

On August 8, 2023, Mr. Goss filed a *pro se* Complaint against Goode, alleging employment discrimination under the Americans with Disabilities Act ("ADA"). (ECF No. 1, at 4). A default was entered against Goode on February 21, 2025, but was vacated on April 24, 2025, because there had been a delay in providing Goode with actual notice of the suit. (ECF No. 35, at 6). Mr. Goss filed an amended complaint on May 15, 2025, adding claims under the FMLA and Title IX.[2] (ECF No. 37). Goode filed a motion to dismiss the amended complaint on June 25, 2025. (ECF No. 42).

[2] In his response to the motion to dismiss, Mr. Goss later modified this claim to fall under Title VII, not Title IX. (ECF No. 51, at 6). Regardless, the claim was dismissed for failure to state a claim. (ECF No. 60, at 18–19).

Mr. Goss filed a response on August 22, 2025, attaching twenty-one exhibits to the filing. (ECF No. 51).

Goode's motion to dismiss was granted on January 29, 2026, because the amended complaint failed to state a claim for relief under Fed.R.Civ.P. 12(b)(6). (ECF No. 60, at 5). However, Mr. Goss's response, which alleged new facts through the attached exhibits, was construed liberally as a motion for leave to amend the complaint. (*Id.* at 24). The additional facts gave rise to two plausible claims: an ADA failure-to-accommodate claim and an FLMA interference claim. (*Id.* at 31). Amendment as to all other potential claims, including wrongful termination and FMLA retaliation, was held to be futile. (*Id.* at 34 n.14, 35–36). Therefore, Mr. Goss was directed "to file a second amended complaint asserting <u>only</u> his ADA failure-to-accommodate claim (Count I) and his FMLA interference claim (Count II) within twenty-one (21) days." (ECF No. 61 ¶ 4 (emphasis added)).

Mr. Goss filed a second amended complaint ("SAC") on February 6, 2026. (ECF No. 62). The SAC did not comply with the court order granting leave to amend, however. Count I was a claim of ADA termination (not failure-to-accommodate) and Count II was a claim of FMLA retaliation (not interference). (*Id.*, at 3). Goode filed an answer to the SAC (ECF No. 63) but no motion to dismiss, and the parties proceeded to discovery. (*See* ECF No. 64).

An attorney for Mr. Goss entered an appearance in the case on June 16, 2026. Mr. Goss filed the motion for leave to file a third amended complaint ("TAC") on July 27, 2026. (ECF No. 98). The proposed TAC adds the two claims—ADA failure-to-accommodate and FMLA interference—previously approved by the court. (ECF No. 98-1). The TAC also joins three new defendants, GCI Residential, Inc., ("GCI Residential"), WB Waste Management Solutions, LLC ("WB"), and Waste Management National Services, Inc. ("WM"), as jointly and severally liable for all claims. (*Id.*, at 13).

Goode filed an opposition to the motion for leave to file a TAC on August 5, 2026, arguing that it should be denied because 1) the motion fails to comply with local rules; 2) the proposed amendments are futile; and 3) amendment would prejudice Goode through further delay. (ECF No. 101). Mr. Goss filed a reply on August 19, 2026. (ECF No. 110).

## II. Standard of Review

After a party may no longer amend a pleading as a matter of course,

> "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (citing *Conley v. Gibson,* 355 U.S. 41, 48 [] (1957)).

> The court should deny leave to amend only when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999) (internal citation and quotation marks omitted); *Keller v. Prince George's Cnty.,* 923 F.2d 30, 33 (4th Cir. 1991) (upholding district court order denying plaintiff leave to amend his complaint to include claims that were barred by the applicable statute of limitations because such amendment would be futile).

*TFFI Corp. v. Williams*, No. 13-cv-1809-DKC, 2015 WL 5008708, at *1 (D.Md. Aug. 20, 2015).

## III. Analysis

### A. Compliance with the Local Rules

Goode argues that the motion for leave to amend should be denied because it does not comply with Local Rule 103.6(c), which generally requires that an amended pleading be filed with a copy showing the material stricken from or added to the pleading. However, this requirement does not apply when "the prior pleading was filed by a self-represented party." Local Rule 103.6(c). Because Mr. Goss filed the second amended complaint when he was self-represented, the motion for leave to amend does not violate Rule 103.6(c).

### B. Futility

Goode argues that the amendments adding new claims and new defendants are futile. (ECF No. 101, at 6).

> Leave to amend may be denied as futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules," including federal pleading standards. *Katyle v. Perm Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)); [*Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)] ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." (citations omitted)). A pleading need not contain detailed factual allegations, but the plaintiff must allege enough facts to make the claim appear "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)). Accordingly, denial of leave to amend is appropriate if the court, taking as true the allegations of the proposed amended pleading, would be compelled to dismiss the action. *See Kellogg Brown & Root*, 525 F.3d at 376 (affirming the district court's denial of leave to amend because the "proposed amended complaint does not properly state a claim under Rule 12(b)(6)").

*Jassie v. Mariner*, No. 15-cv-1682-DKC, 2016 WL 3218725, at *2 (D.Md. June 10, 2016).

First, Goode argues that it is futile to add the ADA failure-to-accommodate and FMLA interference claims because they fail to state plausible claims. These arguments, however, were rejected when Mr. Goss was granted leave to file a second amended complaint

as to those claims and will not be reconsidered here. (ECF No. 60, at 26–34). Accordingly, the additional claims are not futile.

Goode also argues that it would be futile to add GCI Residential and WB as defendants because Mr. Goss has not adequately pleaded that they are liable as his employers. (ECF No. 101, at 6).[3] Mr. Goss alleges that GCI Residential and WB are liable because, at the time of his firing, they were employers of Mr. Goss. (ECF No. 98-1 ¶¶ 42, 54).

"[T]he ambiguity of the term employer in the civil rights statutes has driven courts to fashion a variety of tests by which a defendant that does not directly employ the plaintiff may still be considered an employer under those statutes." *Hukill v. Auto Care, Inc.*, 192 F.3d 437, 442 (4th Cir. 1999), *abrogated on other grounds by Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006). Although the United States Court of Appeals for the Fourth Circuit has not adopted a single, binding test, it has applied the "integrated employer test" to determine who is an employer under the FMLA and ADA. *Id.; see also Bittle-Lindsey v. Seegars Fence Co.*, No. 21-1044, 2022 WL 1566770, at *2–3 (4th Cir. 2022)

[3] Mr. Goss also joins WM and WB as defendants under a theory of "successor in interest" liability. (ECF No. 98-1 ¶¶ 43, 46). Goode does not appear to challenge this joinder as futile, other than to say that Mr. Goss "fails to explain why adding the proposed additional defendants is necessary." (ECF No. 101, at 7). If this is a challenge to successor in interest liability, it fails because necessity is not the correct standard for futility.

(unpublished). The integrated employer test is also found in Department of Labor ("DOL") regulations interpreting the scope of the term "employer" in the FMLA. 29 C.F.R. § 825.104. This test is sufficient for the purposes of the futility analysis.[4]

> In determining whether to treat corporate entities as an "integrated employer," according to the DOL regulations, the factors we should consider include: (1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control. *See* [29 C.F.R. § 825.104(c)(2)]. However, no single factor is conclusive. *Id.* Nevertheless, control of labor operations is the most critical factor. *See Schweitzer v. Advanced Telemarketing Corp.,* 104 F.3d 761, 764 (5th Cir. 1997) (recognizing that control of labor relations prong has traditionally been the most important).

*Hukill*, 192 F.3d at 442 (citation modified).

Mr. Goss makes allegations that, if true, satisfy all four factors of the integrated employer test. As to the first factor, he alleges that at the time of termination, GCI Residential employed Willie Goode, (then-CEO of Goode), Adrianne Goode (then-

[4] Goode proposes use of the six-factor test from *Salinas v. Com. Interiors, Inc.*, 848 F.3d 125, 141–42 (4th Cir. 2017) (Fair Labor Standards Act). Mr. Goss offers the nine-factor test from *Butler v. Drive Automotive Indus. of Am., Inc.*, 793 F.3d 404, 414 (4th Cir. 2015) (Title VII). It is unnecessary to apply these tests here, as most of their factors relate to common control, management, operations and finances—*i.e.*, the elements of the integrated employer test. Moreover, the Fourth Circuit in both cases emphasized that the tests were not to be rigidly applied. *Salinas*, 848 F.3d at 142; *Butler*, 793 F.3d at 414.

Director of Payroll and Administration of Goode), and Alvina Hayes-Coleman (then-HR Administrator at Goode). (ECF No. 98-1 ¶¶ 9–11, 50). As to the second and fourth factors, Mr. Goss alleges that Goode and GCI Residential shared a facility, operations, and common ownership and financial control. (*Id.* ¶¶ 52, 53).

On the most important factor, centralized control of labor relations, Mr. Goss alleges that

> Ms. Hayes-Coleman, a GCI Residential employee, administered Plaintiff's request for medical leave and accommodation, personally issued the letter terminating his employment, and testified that she made the decision to terminate Plaintiff on her own authority, after consulting with legal counsel for Goode. The employment decisions giving rise to this action were thus made and carried out by a GCI Residential employee, and GCI Residential exercised centralized control over the labor relations decisions affecting Plaintiff.

(*Id.* ¶ 51). At this stage, these allegations adequately plead that GCI Residential was an employer of Mr. Goss for purposes of the ADA and FMLA.

Mr. Goss also adequately pleads that WB was his employer under the integrated employer test. Mr. Goss alleges that

> in or around 2014, WB assumed the commercial operations in which Plaintiff worked at the time of his termination; WB and Goode shared management, including Mr. Goode, Goode's founder and chief executive officer, who on information and belief was also a principal of WB (with the "WB" name, short for "Willie and Bates," reflecting Mr. Goode's involvement with and leadership at WB); Goode and WB

> operated from shared facilities, including the Olive Street Facility; and WB, as parent, exercised financial control over Goode.

(*Id.* ¶ 40). Although these allegations do not show that WB had had the same degree of control over labor as GCI Residential, the remaining factors strongly point toward integrated employer status. Mr. Goss alleges common management through Mr. Goode, interrelated operations at the Olive Street Facility, and common ownership and financial control by WB as the parent company. These allegations, therefore, adequately plead that WB was an employer of Mr. Goss for purposes of the ADA and FMLA.

**C. Undue Delay**

Finally, Goode argues that amendment would prejudice it through "undue delay" in the case. (ECF No. 101, at 4). "Delay alone, however, is an insufficient reason to deny the plaintiff's motion to amend." *Laber*, 438 F.3d at 427. The delay must be "accompanied by prejudice, bad faith, or futility." *Oroweat Foods*, 785 F.2d at 509.

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." [*Oroweat Foods*, 785 F.2d at 510]. An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any

> discovery has occurred. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.")

*Laber*, 438 F.3d at 427.

Goode asserts that "[a]nother amendment to Plaintiff's operative Complaint at this stage would inevitably delay the case, as GCI [Residential] has separate counsel, and defendants would need an opportunity to answer Plaintiff's new claims and numerous new allegations, as well as conduct discovery on the same." (ECF No. 101, at 4–5). Mr. Goss responds that the new claims raise no new facts because they "arise from the same December 2021 termination and the same course of conduct." (ECF No. 110, at 4). Furthermore, Mr. Goss asserts that the facts supporting joinder—regarding the relationships between Goode and GCI Residential, WB, and WM—have already been disclosed in discovery.

Goode is likely correct that amendment will lead to some delay to the case, as the newly joined defendants will need to answer the complaint and may wish to file motions of their own. This is not enough, however, to establish prejudice. "[M]ost of the facts to be analyzed" are the same. *Oroweat Foods*, 785 F.2d at 510. Mr. Goss's additional claims under the ADA and FMLA relate to the same occurrences as the prior claims, namely Mr. Goss's accident,

resulting medical condition, and termination. The joinder of GCI Residential, WB, and WM rests on the nature of the relationships between those entities and Goode—information that has already been discovered, or to which Goode and the proposed defendants should have ready access.

Furthermore, the timing of the amendment is not prejudicial, as it is not offered "shortly before or during trial." *Id.* Therefore, in light of the "federal policy in favor of resolving cases on their merits," the likely delay here is not a sufficient basis to deny leave to amend. *TFFI Corp.*, 2015 WL 5008708 at *1.

As a final matter, Goode argues that because the amendment will likely cause delay, Mr. Goss must show that there is good cause under Fed.R.Civ.P. 16(b)(4) to modify the existing scheduling order. (ECF No. 101, at 4). However, this argument fails because Mr. Goss does not request a modification to the scheduling order. (*See* ECF No. 110, at 5 ("Plaintiff seeks no extension of the remaining deadlines" in the case)).

**IV. Conclusion**

For the foregoing reasons, Mr. Goss's motion for leave to file a third amended complaint will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge